Ashburn, J.
The facts alleged in the petition and admitted by the answer, would entitle the plaintiff below to & money judgment, unless the legal effect of the facts set up in the cross-petition is such as to require a court of equity to interpose and grant a rescission of the purchase-money contract.
From the nature of this case, the general charge of fraud *144 against plaintiff alleged in the cross-petition, can avail defendant, only when it shall appear that the alleged incumbrance upon the land is such as affects, not the money value of the land, but the title thereto to his prejudice. The vital force of all other facts hinges upon this one.
The grounds and charge upon which a rescission of the contract is claimed, are that the license to, and occupancy of, the Cleveland Rolling Mill Company create a permanent incumbrance upon the land, to which is added the ' equitable circumstance that in consequence of such incumbrance the land for allotment and division into dwelling-house lots is rendered comparatively valueless.
Erom two considerations a majority of the court think a case for a rescission of the contract is not made by the cross-petition.
I. An interest in, or permanent incumbrance upon, land in this state, can only arise from some of the modes provided for or recognized in law. If it exists in this case, the incumbrance was created by a writing without seal and unacknowledged and unaccompanied by actual possession. The statute, S. & C. § 6458, provides, “ that when any man . . . shall execute, within this state, any deed, mortgage, or other instrument, by which any lands, tenements, or hereditaments, shall be conveyed or otherwise incumbered in law, such deed, mortgage, or other instrument of -writing-shall be signed, sealed, etc., and such signing and sealing shall be acknowledged by such grantor or maker in the presence of two witnesses, who shall attest such signing, etc.”
The writing claimed in the cross-petition to create upon the land a permanent incumbrance in favor of the Rolling Mill Company, is at most a license to enter upon the land for a specific purpose. It has none of the characteristics and sanctions provided by the statute creating an incumbrance that could possibly impart to the instrument a quality to run with the land. It gave the Cleveland Rolling Mill Company no dominion over the land, nor did it create, in its favor, an easement in the land. If its terms had been- *145 violated by Brooks or Ms grantees, the jurisdiction of a court of equity could not have been successfully invoked to enforce a specific performance. The remedy, if any it had,, would have been an action for damages.
A license to do a particular thing, does not, in any degree, trench upon the policy of the statutes requiring that contracts respecting the title to land shall be by deed or other written instrument under seal. They amount to no more than an excuse for the act, which would otherwise be a trespass. A permanent right to enter upon and hold another’s laud, for a particular purpose, without his consent, is an important interest which should pass only in the mode and by the instrumentalities provided by law. '
The written license executed by Brooks to the Cleveland Rolling Mill Company, being without any of the characteristics of a deed, does not create such an incumbrance' upon this land, as to create an equity in favor of the defendant, Wilkins, which will authorize a rescission of the contract.
II. Section 8 of the statute already referred to (S. & 0.. 467) after providing for the recording of all other deeds and instruments of writing for the conveyance or incumbrance of any lands, etc., then provides :
“ And if such deed or instrument shall not be so recorded within the time herein prescribed, the same shall be deemed fraudulent, so far as relates to any subsequent bona fide purchaser, having at the time of making such purchase no knowledge of the existence of such former deed or other instrument of writing.”
The instrument in writing under which it is claimed this incumbrance arises, never was recorded, and is not an instrument authorized to be recorded. Wilkins purchased the land ignorant of the existence of such license, and without knowledge that the Cleveland Rolling Mill Company occupied any portion of the land by pipes secreted in the ground, or otherwise. His relation to the Rolling Mill Company and any supposed rights it may have from or un *146 der the license, is that of an innocent purchaser without notice, and. he is therefore protected. •Whatever might be the rights and liabilities of the original parties to the writing, the secret claim of the Rolling Mill Company can in no way affect the rights of Irvine or Wilkins.
The policy of the law is that titles to land, when affected by written instruments, shall appear upon the appropriate record, so that all may be informed who hold incumbrances, their character, and where the title reposes or is vested. But is this secret license mode of incumbrance to be sustained? If so, incumbrances might frequently be found to exist, against which no vigilance could guard, no diligence protect. Our records would cease to be reliable guides. To avoid all uncertainty, to notify all wishing information in regard to land titles, our registry laws were created, and their purpose can not be defeated by claims of the character we are considering.
No notice to Wilkins of the claimed incumbrance can he implied, because the writing was not recorded, and the pipes were hidden from view in the ground. The Cleveland Rolling Mill Company had no visible open possession of any portion of the land. At best, it had, under the license, a bare right to enter to repair the pipes when such need occurred. Hence, Wilkins is an innocent purchaser, .and in relation to him there is no such incumbrance on the land as will affect the title Irvine has tendered him.
No case for affirmative relief against Brooks is made, so that his demurrer to the cross-petition was rightfully sustained. As no valid ground for a rescission of the pur•chase-money contract between plaintiff and defendant exists, the judgment of the superior court in general term, .affirming the judgments at special term, is affirmed.
Day and Wright, JJ., dissented.